6W

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

LINDa M. GORDON )
_____ )
)
)
Plaintiff(s), )
)
v. MeGan J. BReNNaN )
POST MaSTeR GeneRal )
UNited States Postal Service )
( GreaT Lakes Area AGency )
Defendant(s). )

1:18-cv-02578
Judge Sara L. Ellis
Case: **Magistrate: Mary M. Rowland**

**RECEIVED**

APR 1 0 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is LINDa M. GORDON of the

county of Cook in the state of ILL.

3. The defendant is MeGan J. BRennan (PostMaSTeR General, whose

street address is GreaT Lakes Area A Gency,

(city) GreaT (county) Lakes Area (state) (ZIP)

(Defendant's telephone number) (___) – _____

4. The plaintiff sought employment or was employed by the defendant at (street address)

540 N. DearBorn (city) Chicago

(county) Cook (state) ILL (ZIP code) 60654

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) January (day) 10 , (year) 2010 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the

following government agencies:

(i) ☑ the United States Equal Employment Opportunity Commission, on or about

(month) April (day) 9 (year) 2018 .

(ii) ☐ the Illinois Department of Human Rights, on or about

(month)_____ (day)_____ (year)_____ .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☑ Yes (month) *APRIL* (day) *9* (year) *2012*

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) *Sept*.

(day) *25* (year) *2014*.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☑ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) *January* (day) *10* (year) *2018* a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☑ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): Was force out on Dissbilty Retirement

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

My primary physician Dr. Steven Wolf Recommended Me To retire on Disability Retirement, Due to Ongoing Daily harassment, Retaliation/Due to My Disability (From Management And co-workers) After filing A complaint.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I WAS Discriminated against Based on My JOB Related Injury (Disability). I was assesed under the Notice Nol Reassessment process as a result Management assigned Me New limited duty assignment that had Me going over My Doctor's Restrictions. intentionally knowing that had Restrictions, But yet continue to assigned Me To work outside My Restrictions Then forcing Me To Go out on Disability. Retirement Ongoing Harassment and Retaliation After Filing A complaint. (see Attached)

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [**check only those that apply**]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): To pay all Benefits That I Lost, plus $300,000 IN Compensatory damages and Costs. Damage Includes, Stress, anxiousness, Mental anguish, Inconvenience, Loss of enjoyment of life, health Issues, Emotional pain, suffering, and other non-Monetary Losses

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)  ☑  If available, grant the plaintiff appropriate injunctive relief, lost wages,
        liquidated/double damages, front pay, compensatory damages, punitive
        damages, prejudgment interest, post-judgment interest, and costs, including
        reasonable attorney fees and expert witness fees.

(h)  ☐  Grant such other relief as the Court may find appropriate.


_____
(Plaintiff's signature)

LINDA M. GORDON
(Plaintiff's name)

300 N. State St. #2226
(Plaintiff's street address)

(City) Chicago  (State) ILL  (ZIP) 60654

(Plaintiff's telephone number) (312) – 399 - 5560

Date: 4/10/18

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Linda M. Gordon, a/k/a
Sherill S.,[1]
Complainant,

v.

Megan J. Brennan,
Postmaster General,
United States Postal Service
(Great Lakes Area),
Agency.

Appeal No. 0120150300

Hearing No. 443-2012-00194X

Agency No. 4J-606-0063-10

## DECISION

On October 23, 2014, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's September 25, 2014, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, the Commission AFFIRMS the Agency's final order.

## ISSUE PRESENTED



The issue presented is whether substantial evidence in the record supports the Equal Employment Opportunity Commission Administrative Judge's (AJ) finding that the preponderance of the evidence in the record does not establish that Complainant was subjected to discrimination based on disability, age, and/or reprisal.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Linda M. Gordon, a/k/a
Sherill S,[1]
Complainant,

v.

Megan J. Brennan,
Postmaster General,
United States Postal Service
(Great Lakes Area),
Agency.

Request No. 0520170588

Appeal No. 0120150300

Hearing No. 443-2012-00194X

Agency No. 4J-606-0063-10

## DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120150300 (August 3, 2017). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                          0520170588

During the period at issue, Complainant worked for the Agency as a Mail Processing Clerk at the Agency's Fort Dearborn Station in Chicago, Illinois. On April 9, 2012, Complainant filed a formal EEO complaint alleging that the Agency discriminated against her when it failed to accommodate her disability, scrutinized her work more closely than her co-workers, harassed her about her leave and charged her absent without leave for three days. Our prior appellate decision affirmed the Agency's decision, which fully implemented the finding of an EEOC Administrative Judge that Complainant failed to prove that she was subjected to discrimination as alleged.

In her request for reconsideration, Complainant argues that our previous decision erred in its development of the record and interpretation of the facts. Complainant reiterates the arguments made in her initial appeal. We emphasize that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120150300 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter

3                                                    0520170588

the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_Carlton M. Hadden_

Carlton M. Hadden, Director
Office of Federal Operations

JAN 0 5 2018
Date

4                                                        0520170588

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Linda M. Gordon
300 N State St   #2226
Chicago, IL  60610


U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979


JAN 0 5 2018
Date


Compliance and Control Division